IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MALRIK CORDALE BOOSE,
       Plaintiff,

vs.                                        Case No. 3:07cv372/MCR/EMT

OKALOOSA COUNTY, et al.,
       Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk.  Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  By order of this court dated September 13, 2007, Plaintiff's motion to proceed in forma pauperis was granted to the extent that Plaintiff's case could proceed without payment of the entire $350.00 filing fee, and Plaintiff was given thirty (30) days in which to pay an initial partial filing fee in the amount of $40.00 (Doc. 5). Plaintiff submitted a partial filing fee of $20.00 on October 5, 2007 (*see* docket entry 8).  On October 19, 2007, the court issued an order to show cause requiring Plaintiff to show cause, within twenty (20) days, why this case should not be dismissed for failing to comply with the order of the court directing Plaintiff to pay the initial partial filing fee of $40.00 on or before October 13, 2007 (Doc. 9).  Plaintiff failed to respond to the order; therefore, on November 13, 2007, the undersigned issued a report and recommendation (R & R), recommending that this case be dismissed for Plaintiff's failure to comply with an order of the court (Doc. 14).  On November 16, 2007, Plaintiff paid an additional $20.00 toward his initial partial filing fee, and accordingly, on November 21, 2007, the undersigned issued an order vacating the R & R (Doc. 19).

Plaintiff, however, has failed to make any further monthly payments toward his $350.00 filing fee, even though he was previously instructed by the court to continue making monthly

payments of 20 percent of the preceding month's income (that is, all funds deposited into his inmate account) in each case he has filed in this court (*see* Doc. 5).

Thus, in determining whether Plaintiff willfully failed to comply with this court's order in failing to continue making monthly payments, this court took judicial notice of the prisoner consent form and financial certificate, and the trust fund account statement reflecting Plaintiff's account activity in January 2008, which were both submitted by Plaintiff on February 3, 2008, in case number 3:07cv379/MCR/MD (Document Number 14).  The consent form reflects that Plaintiff's "average monthly deposits for [the] preceding 6 months" (i.e., August 3, 2007 to February 3, 2008) is $50.00, but Plaintiff has made only two payments toward the filing fee in the instant case, one in October 2007 and one in November 2007.  Additionally, Plaintiff's account statement in Case No. 3:07cv379 reflects that $50.00 was deposited in Plaintiff's trust account on January 3, 2008, but Plaintiff has failed to submit any payments since that time.

Therefore, this court issued an order on February 13, 2008 requiring Plaintiff to show cause, within twenty (20) days, for his failure to submit payments in the instant case as directed (Doc. 29). Specifically, Plaintiff was ordered to submit a prisoner consent form and financial certificate, including an attached computer printout of the transactions in his inmate trust fund account, for the period of September 1, 2007 through February 13, 2008 (*see id.*).  The court noted in the order to show cause that Section 1915(b)(2), under which Plaintiff has been permitted to proceed in forma pauperis in this case:

> places on the prisoner a responsibility to remit [monthly payments totaling 20 percent of each month's income] — no greater [amount], but no less either.  A prisoner who fails to ensure that the required sum is remitted in one month must make it up later; the statute does not allow deferral past the time when application of the formula would have produced full payment . . . .  An erroneously small payment in a given month postpones collection of a month's installment, but it does not extend the time to complete payment.

Lucien v. DeTella, 141 F.3d 773, 776 (7th Cir. 1998).

Moreover,  "a prisoner should . . . refrain from spending [appropriated] funds on personal items until they can be applied properly [toward payment of the filing fee]."  *Id.*

As noted above, it appears Plaintiff has funds to submit toward the filing fee, but he has failed to do so (*cf*. Boose v. Barron, et al., Case Number 3:07cv379/MCR/MD (Document Number

15) (R & R recommending dismissal for Plaintiff's failure to comply with orders related to the matter of the filing fee)).  Additionally, the time for complying with the order to show cause issued by this court on February 13, 2008 (Doc. 29) has now elapsed with no response from Plaintiff.

      Accordingly, it is respectfully **RECOMMENDED**:

      That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

      At Pensacola, Florida, this 7th day of March 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

      **Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**